CITIZENS FOR A BETTER
ENVIRONMENT, INC.,
Appellant,

v.

OHIO COUNTY INDUSTRIAL
FOUNDATION, INC.,
Appellee.

No. 2003–CA–002032–MR.

Court of Appeals of Kentucky.

Dec. 17, 2004.

M. Thurman Senn, Louisville, KY, for appellant.

John G. Thacker, Owensboro, KY, for appellee.

Before GUIDUGLI, TACKETT, and VANMETER, Judges.

*OPINION*

VANMETER, Judge.

The Ohio County Fiscal Court, in a successful effort to attract Perdue Farms to open a plant in Ohio County, imposed a 1% occupational tax in Ohio County. Money generated from the tax, in the amount of $500,000 annually, was paid to the Ohio County Industrial Foundation, Inc. (Foundation), which in turn was contractually obligated to pay the money to Perdue Farms. The issue we must resolve is whether this arrangement subjects the Foundation to the Open Records Act as a public agency. We hold that it does, and therefore reverse the judgment of the trial court.

The facts presented are not in dispute. The Foundation is a private, nonprofit corporation formed in 1965 for the purpose of promoting economic development in Ohio County. In 1994 the Ohio County Fiscal Court, the cities of Hartford and Beaver Dam, the Ohio County Industrial Development Authority, and the Foundation all entered into an agreement with Perdue Farms, Inc. to provide incentives to Perdue Farms so that it would locate a chicken processing plant in the county. One provision of the agreement concerned the

Fiscal Court's levy of an occupational tax and the resulting payment to the Foundation of $500,000 per year, which the Foundation in turn remitted to Perdue Farms for meeting certain conditions concerning job creation and retention.

In March 2000, Citizens for a Better Environment, Inc. (Citizens) filed an open records request with the Foundation seeking the disclosure of records relating to the solicitation of Perdue Farms. The Foundation denied the request in the belief that it was not a public agency subject to the Open Records Act.[1] Citizens filed this action with the Ohio Circuit Court. Following a hearing, the circuit court entered a judgment ruling that because the Foundation was like an escrow agent in that it had no discretion over the payment, its delivery of the funds was not an expenditure within the meaning of KRS 61.870(1)(h). The court dismissed the action, and this appeal followed.

Under KRS 61.870(1)(h), the definition of a "public agency" includes "[a]ny body which derives at least twenty-five percent (25%) of its funds expended by it in the Commonwealth of Kentucky from state or local authority funds[.]" No question exists but that if the $500,000 receipt/payment qualifies, the Foundation is a public agency.

The common definition of "expend" is "to pay out or spend."[2] The Foundation argues that the payments are not truly "*its* funds" because, like a bank or escrow agent, it has no discretion under the 1994 agreement. Instead, the funds merely pass through it from the Fiscal Court to Perdue Farms. We disagree. The plain language of the statute is directed to 25% of "its funds expended." Although the Foundation seeks to characterize its in-

volvement in the transaction as passive, the agreement demonstrates that the Foundation has a number of obligations under the agreement, specifically the receipt, and presumably the verification, of the employment certification of Perdue's performance. Simply put, the Fiscal Court's payment of more than $2,000,000 to the Foundation over a four-year period, which funds were in turn paid through to Perdue Farms, had the effect of establishing the Foundation as a public agency for purposes of the Open Records Act.

As noted by the circuit court, the reason for involving the Foundation in this payment from the Fiscal Court to Perdue Farms is not clear, but apparently no question of impropriety exists. However, having chosen to operate in this manner, the Foundation has subjected itself to the provisions of the Open Records Act as a public agency.

The judgment of the Ohio Circuit Court is reversed, and this matter is remanded to that court for consideration of damages and attorney's fees as may be appropriate under KRS 61.882(5).

ALL CONCUR.

---

**1.** KRS 61.870, *et seq.*

**2.** Merriam–Webster's Collegiate Dictionary (10th ed.2002).